**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**


Civil Action No. 22-cv-00650-NYW-KLM

RMCO HOLDINGS, LLC, and
ROCKY MOUNTAIN CRUDE OIL, LLC,

      Plaintiffs,

v.

GOLDEN TRADING & TRANSPORT, LLC,
WILLIAM S. DICKEY,
RODNEY HILT, and
CHRISTOPHER A. HIMES,

      Defendants.

---

**ORDER ADOPTING IN PART RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter comes before the Court on the Recommendation of United States Magistrate

Judge Kristen L. Mix ("Recommendation") [Doc. 128] on the following Motions:

(1) Defendant Rodney Hilt's ("Hilt") Motion to Dismiss Amended Complaint Pursuant to

F.R.C.P. 12(b)(1) and (6) ("Hilt's Motion"), [Doc. 63]; and

(2) Defendants Golden Trading & Transport, LLC's ("GT&T") and William S. Dickey's

("Dickey") Partial Motion to Dismiss First Amended Complaint Pursuant to F.R.C.P. 12(b)(1) and

12(b)(6) ("GT&T's Motion"), [Doc. 65].[1]

Plaintiffs filed a partial objection to the Recommendation ("Plaintiffs' Partial Objection").

---

[1] Defendant Christopher A. Himes filed joinders to Hilt's Motion and GT&T's Motion, [Doc. 64; Doc. 66]; Defendants GT&T and William S. Dickey filed a partial joinder to Hilt's Motion, [Doc. 67]; and Defendant Hilt filed a joinder to GT&T's Motion, [Doc. 68].

[Doc. 131].  Defendant Hilt responded to Plaintiffs' Partial Objection, *see* [Doc. 134], which was partially joined by Defendants GT&T and Dickey, [Doc. 138]; and Defendants GT&T and Dickey responded to Plaintiffs' Partial Objection, *see* [Doc. 135], which was joined by Defendant Christopher A. Himes ("Himes") and Defendant Hilt, [Doc. 136; Doc. 137].

Defendant Hilt filed a limited objection to the Recommendation ("Hilt's Limited Objection"), [Doc. 132]; and Plaintiffs responded to Defendant Hilt's Limited Objection, [Doc. 133].

The Court finds that oral argument would not materially assist in the resolution of the issues presented in the underlying Motions or the Recommendation.  For the reasons below, the Court **ADOPTS IN PART** the Recommendation, which is incorporated into this Order by reference; **SUSTAINS IN PART** and **OVERRULES IN PART** Plaintiffs' Partial Objection; and **OVERRULES** Defendant Hilt's Limited Objection.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## LEGAL STANDARDS

### I.      Review of a Magistrate Judge's Recommendation

Pursuant to Federal Rule of Civil Procedure 72, this Court reviews de novo any part of the magistrate judge's recommendation that is "properly objected to."  Fed. R. Civ. P. 72(b)(3).  In doing so, "the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "Where an objection is not made or is made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate."

*Smith v. Krieger*, 643 F. Supp. 2d 1274, 1279 (D. Colo. 2009) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).

## II.      Federal Rule of Civil Procedure 12(b)(1)

Federal courts are ones of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (internal quotations and citation omitted).

## III.      Federal Rule of Civil Procedure 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as

true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted).

## BACKGROUND

The factual allegations in the First Amended Complaint, [Doc. 47], are summarized in the Recommendation and restated here. Plaintiff Rocky Mountain Crude Oil, LLC ("RMCO") describes its business as follows:

> RMCO is a provider of midstream energy services operating in Colorado, Montana, Nebraska, New Mexico, North Dakota, Texas and Wyoming, and offers crude oil transportation and logistics services to its customers. RMCO's fleet of tractors, double bottom trucks, and crude oil transport trailers moves its customers' crude oil in the major crude oil supply basins in the continental United States. RMCO also owns and/or leases various injection stations and terminals. In addition to providing midstream energy services and since January 1, 2016, RMCO has developed a portfolio of crude oil purchases and sales with producers and marketers located currently in North Dakota, Montana, and Wyoming. In addition to the purchases and sales of crude oil, RMCO provides division order and distribution services to producers and others.

[Doc. 47 at ¶¶ 13–14]. Plaintiff RMCO Holdings, LLC ("RMCO-H") was formed on October 23, 2015, and was 30 percent owned by non-party Mercuria Energy America, LLC ("Mercuria"). [*Id.* at ¶¶ 10–11]. "In November 2015, Mercuria agreed to purchase all of the issued and outstanding membership interests in RMCO from Enterprise Crude Oil LLC ('Enterprise')" and further "agreed to transfer to RMCO-H all of Mercuria's rights to purchase the issued and outstanding membership interests in RMCO, together with all related liabilities and obligations of Mercuria to Enterprise in connection with the acquisition of RMCO." [*Id.* at ¶¶ 12, 15]. In other words, RMCO-H became the 100% owner of RMCO as a result of these transactions. [*Id.* at ¶ 15].

Defendant Dickey was the Chief Operating Officer and Chief Financial Officer of both RMCO-H and RMCO until June 24, 2019. [*Id.* at ¶ 17]. Defendant Himes was the Director of Corporate Development of RMCO until June 24, 2019. [*Id.* at ¶ 18]. In addition, a Board of Managers (or the "Board") managed the affairs of RMCO-H. [*Id.* at ¶ 20]. Until June 24, 2019,

the three managers on the Board were Defendant Dickey; a non-party, Christopher A. Helms ("Helms"), who was the President and Chief Executive Officer ("CEO") of both RMCO-H and RMCO; and Defendant Hilt, who was Vice-President—Midstream with Mercuria.  [*Id.* at ¶¶ 16, 20].

On October 31, 2018, a limited liability company owned by Defendant Dickey and his wife acquired Defendant GT&T.  [*Id.* at ¶ 34].  Plaintiffs allege that Defendants Dickey, Hilt, and Himes (collectively, the "Individual Defendants")

> proceeded to use GT&T surreptitiously and unlawfully to misappropriate Plaintiffs' business opportunities, use money of Plaintiffs for the benefit of Defendants, deprive Plaintiffs of the honest and faithful services of RMCO employees, and take confidential and proprietary property, information and material while employed by Plaintiffs (in the case of Dickey and Himes) and while serving as a Manager of RMCO-H (in the case of Dickey and Hilt).

[*Id.*].  The precise details of the alleged scheme, as laid out in the First Amended Complaint, are generally not necessary for resolution of the Recommendation and the Motions to Dismiss (and, where they are, are discussed in the Analysis section below).  But, in short, Plaintiffs allege that the Individual Defendants were "diverting commodity purchase contracts with crude oil producers . . . from RMCO to GT&T."  [*Id.* at ¶ 37].  On June 24, 2019, RMCO terminated its employment of Defendants Dickey and Himes, and Defendants Dickey and Hilt were removed as managers of RMCO-H.  [*Id.* at ¶¶ 17–18, 20, 37].

As a result of the factual allegations in the First Amended Complaint, Plaintiffs bring the following 10 claims against Defendants:

| Cause of Action | Asserted By | Against |
|---|---|---|
| Count I: fraudulent concealment | RMCO-H | Defendants Dickey and Hilt |
| Count II: fraudulent concealment | RMCO | Defendants Dickey and Himes |
| Count III: constructive fraud | RMCO-H | Defendants Dickey and Hilt |
| Count IV: constructive fraud | RMCO | Defendants Dickey and Himes |
| Count V: civil conspiracy | RMCO-H and RMCO | Defendants GT&T, Dickey, and Hilt and by Plaintiff RMCO only against Defendant Himes |
| Count VI: unjust enrichment | RMCO-H and RMCO | Defendants GT&T, Dickey, and Hilt |
| Count VI: unjust enrichment | RMCO | Defendant Himes[2] |
| Count VII: civil theft regarding Fort Laramie Crude Oil | RMCO | Defendants GT&T and Dickey |
| Count VIII: violation of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-104(3) | RMCO | Defendants Dickey, Hilt, and Himes[3] |
| Count IX:  violation of COCCA, Colo. Rev. Stat. § 18-17-104(4) | RMCO | Defendants Dickey, Hilt, and Himes |
| Count X: violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.* | RMCO | Defendants GT&T, Dickey, and Himes |

---

[2] As the Recommendation points out, although a plain reading of the First Amended Complaint would indicate that Claims V and VI are also asserted by Plaintiff RMCO-H against Defendant Himes, *see* [Doc. 47 at ¶¶ 301–09], Plaintiffs expressly disclaim this reading, as follows:

> RMCO-H does not assert any claims against Himes in the [First Amended Complaint]. . . .  To the extent there is any confusion, Count V alleges a claim for civil conspiracy by Plaintiffs against Defendants based on the fraudulent concealment claim asserted in Count I (RMCO-H v. Dickey and Hilt) and the fraudulent concealment claim asserted in Count II (RMCO v. Dickey and Himes). The same is true regarding the unjust enrichment claim in Count VI; it seeks unjust enrichment recovery from Himes based on the allegations and claims asserted against him by RMCO.  Thus, RMCO-H does not assert a claim against Himes[.]

[Doc. 72 at 5–6 (citations omitted)].

[3] On August 25, 2022, Plaintiffs stipulated to the dismissal of Defendant GT&T from Counts VIII and IX.  [Doc. 99].

[Doc. 47 at ¶¶ 261–336].

In the Motions to Dismiss, Defendants argue that Plaintiffs' claims—other than for civil theft under Count VII and violation of the DTSA under Count X—should be dismissed in whole or in part pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. 63; Doc. 65].

*The Recommendation.* Judge Mix begins her analysis in the Recommendation by addressing Defendants' arguments implicating the Court's subject matter jurisdiction. [Doc. 128 at 8–27]. Judge Mix first determined that Plaintiff RMCO-H failed to identify a sufficient injury in fact to establish standing, and therefore recommended that RMCO-H's claims be dismissed without prejudice for lack of subject matter jurisdiction. [*Id.* at 16–23]. Second, Judge Mix recommended dismissal without prejudice of RMCO's claims against Defendant Hilt on jurisdictional grounds, reasoning that Defendant Hilt sufficiently argued that any injury in fact incurred by RMCO is not fairly traceable to any challenged conduct by Defendant Hilt and, although it was RMCO's burden to establish standing, RMCO failed to respond at all to Defendant Hilt's argument. [*Id.* at 23–27]. Third, Judge Mix recommended dismissal *with prejudice* of Plaintiffs' COCCA claims under Counts VIII and IX on grounds that those claims are time-barred by a two-year statute of limitations under the statute. [*Id.* at 27–32].

*Plaintiffs' Partial Objection.* In Plaintiffs' Partial Objection, they object to (1) dismissal with prejudice of Counts VIII and IX (the COCCA claims) against Defendants GT&T, Dickey, and Himes, arguing that the applicable statute of limitations should be five years, rather than two years; (2) dismissal of Count IX (the COCCA conspiracy claim) against Defendant Hilt, arguing that they sufficiently pleaded facts to support that an injury is fairly traceable to Defendant Hilt, and thus, Plaintiffs have standing to assert Count IX against him; and (3) dismissal of Counts I, III, and V (fraudulent concealment, constructive fraud, and civil conspiracy claims, respectively)

asserted by Plaintiff RMCO-H against Defendants Dickey and Hilt, because RMCO-H has sufficiently pleaded facts to support an injury in fact distinct from RMCO.  [Doc. 131 at 1–2].

Plaintiffs do not challenge lack of standing with respect to Defendant Hilt on Count VIII.  *See* [*id.* at 2 n.1].  In addition, a fair reading of Plaintiffs' Partial Objection further demonstrates that Plaintiffs also do not challenge Judge Mix's Recommendation regarding lack of standing, through waiver or otherwise, with respect to Defendant Hilt on Counts V (civil conspiracy) or VI (unjust enrichment).  *See* [*id.* at 8–9].

***Defendant Hilt's Limited Objection.***  In Defendant Hilt's Limited Objection, he agrees with the Recommendation insofar as Judge Mix "recommended that all claims against him by both RMCO-H and RMCO be dismissed due to lack of standing." [Doc. 132 at 1].  However, Defendant Hilt submits that his Limited Objection raises "a few inconsistencies between the analysis and footnotes in the Recommendation," and he requests that "dismissal of the claims [against him] be with prejudice, and that the Court order the holding that the COCCA claims be dismissed due to the expiration of the statute of limitations applies to those claims against Hilt, as well."  [*Id.* at 1–2].  In the alternative, Defendant Hilt continues, should the Court reject the portion of the Recommendation regarding Plaintiffs' lack of standing, Defendant Hilt requests the Court "address the substantive arguments he made that all of Plaintiffs['] claims fail under the [Rule] 12(b)(6) standard and must be dismissed with prejudice."  [*Id.* at 2].

## ANALYSIS

The Court will first address Plaintiffs' objections to the recommended dismissals on jurisdictional grounds—i.e., RMCO-H's standing to assert any of its claims and RMCO's standing as to Count IX against Defendant Hilt.  Then, the Court will turn to the challenges to the recommended dismissals with prejudice of the COCCA claims under Counts VIII and IX before, finally, addressing any remaining, unresolved objections lodged by Defendant Hilt.

## I.      Standing Challenges Pursuant to Rule 12(b)(1)

### A.      RMCO-H's Standing: Injury in Fact

With respect to standing, Judge Mix first determined that Plaintiff RMCO-H failed to identify a sufficient injury in fact to establish standing, and therefore recommended that RMCO-H's claims be dismissed without prejudice for lack of subject matter jurisdiction. [Doc. 128 at 16–23]. In reaching this conclusion, the Recommendation focused specifically on the injury in fact asserted by a holding company, like Plaintiff RMCO-H. *See* [*id.*]. After canvassing cases cited by the Parties, [*id.* at 17–21], Judge Mix noted a lack of authority on this issue under Colorado law or from within the Tenth Circuit, but stated that:

> [i]t is clear, though, from a review of the [canvassed] cases . . . that a *holding company has incurred an injury in fact where the injury is not identical to the injury alleged to have been incurred by its subsidiary. In other words, a plaintiff must adequately allege an injury that is unique to the holding company.*

[*Id.* at 21 (emphasis added)]. The Recommendation then explained that "the Court cannot find from the allegations in the [First] Amended Complaint that [Plaintiffs] have adequately alleged an injury in fact to Plaintiff RMCO-H that is distinct from the injury sustained by its subsidiary RMCO, even assuming that Defendants engaged in the alleged misconduct" Plaintiffs claim. [*Id.* at 21–22 (citation omitted)]. Judge Mix noted, *inter alia*, that unlike Plaintiffs' allegations focusing on RMCO's purported monetary loss resulting from Defendants' alleged misconduct—which Defendants do not dispute—Plaintiffs failed to allege any such loss with respect to RMCO-H. Instead, Plaintiffs argued that "Defendants *could have prevented* [RMCO's] monetary loss had they told Plaintiff RMCO-H about the alleged misconduct." [*Id.* at 22]. Judge Mix also acknowledged Plaintiffs' argument that "RMCO-H's accounts were misused," but noted that the alleged misuse "occurred in connection with RMCO's money" and Plaintiffs could not direct the

Court to "any allegations that Plaintiff RMCO-H lost money, but only that Plaintiff RMCO did."

[*Id.*].  Judge Mix further emphasized that

> [t]he issue here is not *against whom* Plaintiff RMCO-H may bring claims, such as its own officers, . . . but rather, more simply, whether Plaintiff RMCO-H has incurred any legally cognizable injury at all.

[*Id.*].  Finding that Plaintiffs could not direct the Court's attention to any allegations in the First Amended Complaint "demonstrating an injury that is legally distinct from the injury alleged to have been incurred by Plaintiff RMCO," Judge Mix thus recommended that the Motions be granted insofar as they sought dismissal of Plaintiff RMCO-H's claims for lack of standing.  [*Id.* at 22–23].

In their Partial Objection, [Doc. 131], Plaintiffs do not dispute as inaccurate the Recommendation's analysis of the relevant case law cited by the Parties, or the conclusion that RMCO-H "must adequately allege an injury that is unique to" it—as opposed to an injury identical to RMCO—in order to establish an injury in fact for standing purposes.  [Doc. 128 at 17–21]. Instead, Plaintiffs object to this portion of the Recommendation on grounds that (1) the First Amended Complaint sufficiently details "the use of ***RMCO-H money and bank accounts*** to fund and further Defendants' scheme"; and (2) Defendants Dickey and Hilt, as Managers of RMCO-H, could have prevented RMCO's monetary loss had they told Plaintiff RMCO-H about the alleged scheme.  [Doc. 131 at 9–10 (emphasis in original)].

But Plaintiffs' objections here are merely a rehashing of the same arguments that Judge Mix soundly rejected in the Recommendation, and Plaintiffs fail to point to any allegations from which this Court could draw a different conclusion.  To be sure, although Plaintiffs emphasize in their Partial Objection "the use of RMCO-H money and bank accounts" to support that RMCO-H suffered an injury distinct from RMCO, [*id.* at 9 (emphasis omitted)], Judge Mix found that Plaintiffs "merely allege that this misuse occurred in connection with RMCO's money," not

RMCO-H's.  [Doc. 128 at 22].  In so finding, Judge Mix cited, *inter alia*, Plaintiffs' allegations in paragraphs 233 to 250 in the First Amended Complaint.  [*Id.*].  In their Partial Objection, Plaintiffs similarly rely exclusively upon paragraphs 233 to 250 in the First Amended Complaint to support that RMCO-H was injured by the misuse of its money and bank accounts.  *See* [Doc. 131 at 9].[4] Plaintiffs do not, however, identify where in those paragraphs they have alleged that such misuse *occurred in connection with RMCO-H's money*, even if the bank accounts at issue were in RMCO-H's name, such that it suffered an injury distinguishable from any injury incurred by RMCO.  *See* [*id.*]; *compare, e.g.*, [Doc. 47 at ¶ 234 (Plaintiffs' allegation that "RMCO-H was the owner of two checking accounts," the first of which "is used in connection with the day-to-day business operations of RMCO, and the second . . . is associated with the commodity-based first purchase portfolio of RMCO" with "[t]he majority of the funds on deposit" in the second account "relat[ing] to the funding of the suspense ledger of individuals who own mineral interests in first purchased crude oil production purchased by RMCO")] *with* [Doc. 86 at 5 (Defendants GT&T and Dickey noting in their Reply in support of their Motion to Dismiss that "[t]he only alleged misconduct by Defendants that relates in any way to RMCO-H involves Defendants' alleged misuse of RMCO-H bank accounts," which Plaintiffs allege "were used as the operating and revenue distribution accounts *for RMCO*, not RMCO-H")].[5]  In addition, Judge Mix already analyzed and applied the cases cited by Plaintiffs in their Partial Objection, *compare* [Doc. 131 at 10] *with* [Doc. 128 at 17–

---

[4] Plaintiffs do not object to the Recommendation's finding that Plaintiffs "have not alleged that Plaintiff RMCO-H lost business opportunities, only that Plaintiff RMCO did" and "have not directed the Court's attention to any allegations that Plaintiff RMCO-H lost money, but only that Plaintiff RMCO did."  [Doc. 128 at 22]; *see* [Doc. 131 at 9–10].

[5] The Court acknowledges Plaintiffs' allegations in the First Amended Complaint that the bank accounts at issue contained the commingled funds of RMCO-H and RMCO.  *See* [Doc. 47 at ¶¶ 69, 93, 236, 246].  However, insofar as Plaintiffs rely on this alleged commingling of funds to establish RMCO-H's standing, Plaintiffs fail to discuss them at all in their Partial Objection, [Doc. 131], nor did they raise these allegations in the underlying briefing.  *See* [Doc. 69; Doc. 71].

21], and Plaintiffs do not argue that her application of those cases was incorrect. *See* [Doc. 131 at 9–10].

Accordingly, the Court respectfully **OVERRULES** Plaintiffs' Partial Objection with respect to the Recommendation's analysis of RMCO-H's standing; **ADOPTS** the portion of the Recommendation concluding that RMCO-H lacks standing in its own right; and **DISMISSES without prejudice** Count I, Count III, the portions of Count V asserting civil conspiracy by RMCO-H against Defendants Dickey and Hilt, and the portions of Count VI asserting a claim for unjust enrichment against Defendants GT&T, Dickey, and Hilt.[6] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (stating that "standing is a jurisdictional mandate," and holding that dismissal for lack of standing must be without prejudice).

### B.    RMCO's Standing as to the Claims Against Defendant Hilt: Traceability

Judge Mix also found that Plaintiff RMCO failed to establish standing with respect to its claims against Defendant Hilt—i.e., Count V (civil conspiracy), Count VI (unjust enrichment), and the COCCA claims under Counts VIII and IX. Judge Mix reasoned that (1) Defendant Hilt sufficiently argued that any injury in fact incurred by RMCO is not fairly traceable to any

---

[6] On April 28, 2023, RMCO and RMCO-H filed an Opposed Motion to Supplement Plaintiffs' Partial Objection to Recommendation of United States Magistrate Judge ("Motion to Supplement Partial Objection"), arguing that Defendant Dickey "did not inform the Court when he moved to dismiss the claims asserted against him by RMCO-H for lack of standing that he intended" to assert five counterclaims against both RMCO-H and RMCO based on the same conduct alleged in the First Amended Complaint. [Doc. 161 at 2–3]; *see also* [Doc. 157]. Defendants GT&T, Dickey, and Hilt responded on May 19, 2023. *See* [Doc. 164; Doc. 165]. Notwithstanding these responses, this Court's standing analysis is focused upon whether RMCO-H suffered an injury in fact distinct from RMCO to permit it to individually assert claims against Defendants, *see supra*; this issue is not implicated with respect to RMCO-H's role as a counterclaim defendant, which does not establish RMCO-H's standing as a plaintiff. To the extent that the counterclaims against RMCO-H are not proper, RMCO-H may make an appropriate motion. Thus, even absent a reply by Plaintiffs, the Motion to Supplement Partial Objection is **DENIED**. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

challenged conduct by Defendant Hilt, and (2) although it was RMCO's burden to establish standing, RMCO failed to respond at all to Defendant Hilt's arguments in the response to Defendant Hilt's Motion.   [Doc. 128 at 23–27]; *see also* [*id.* at 25 ("Plaintiffs provide no responsive argument with respect to Plaintiff RMCO's standing to assert its four claims . . . against Defendant Hilt.   Rather, the entirety of their response regarding standing focuses on Plaintiff RMCO-H's standing." (citation omitted))].

        ***Counts V and VI.***  This Court first considers whether Plaintiffs have properly objected to Judge Mix's finding that they have waived any dispute as to standing with respect to Counts V and VI against Defendant Hilt.   Based on the record, this Court concludes that any argument with respect to RMCO's standing vis-à-vis Defendant Hilt for Counts V and VI is unavailing.

        Plaintiffs' Partial Objection does not address the Recommendation's finding that they did not discuss, and therefore waived, Defendant Hilt's standing argument regarding traceability in their Response to Defendant Hilt's Motion to Dismiss.  *See* [Doc. 131 at 8–9].  Instead, they object specifically to "the recommended dismissal of Count IX" (i.e., the COCCA conspiracy claim) against Defendant Hilt.  [*Id.* at 9].  Even in the Partial Objection, Plaintiffs do not address or point to any allegations from the operative First Amended Complaint with respect to Defendant Hilt to fairly trace the alleged injuries pleaded under Counts V and VI to Defendant Hilt.  *See generally* [Doc. 131].

        As discussed above, an objection to a Recommendation must be sufficiently specific such that it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (internal quotations and citation omitted).  Here, any objection to Plaintiffs' lack of standing to assert Counts V and VI against Defendant Hilt was not sufficiently specific.  *See* [Doc. 131].   Absent a

sufficiently specific objection, this Court reviews this portion of the Recommendation for clear error. *See Summers*, 927 F.2d at 1167 (10th Cir. 1991) (holding that, in the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

For the purposes of ruling on a motion to dismiss for lack of standing based on a facial deficiency, such as here, this Court must accept as true all material allegations in the First Amended Complaint, and must construe the well-pled facts in favor of Plaintiffs. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). "A plaintiff has standing only if he can allege personal injury *fairly traceable to the defendant's allegedly unlawful conduct* and likely to be redressed by the requested relief." *California v. Texas*, 141 S. Ct. 2104, 2113 (2021) (emphasis added) (internal quotation and citation omitted). To show that an injury is "fairly traceable" to the challenged conduct, a plaintiff must allege "a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005); *see also League of United Latin Am. Citizens, N.M. (LULAC) v. Ferrera*, 792 F. Supp. 2d 1222, 1232 (D.N.M. 2011) ("[T]he issue in the causation inquiry is whether the alleged injury can be traced to the defendant's challenged conduct, rather than to that of some other actor not before the court." (internal quotations and citation omitted)). Standing is assessed on a claim-by-claim basis, and a plaintiff who has sufficient standing to raise some claims may lack standing to raise others. *See, e.g.*, *Johnstown Feed & Seed, Inc. v. Cont'l W. Ins. Co.*, 641 F. Supp. 2d 1167, 1172–73 (D. Colo. 2009) (citing *Horstkoetter v. Dep't of Pub. Safety*, 159 F.3d 1265, 1279 (10th Cir. 1998) ("Ms.

Horstkoetter and Ms. Dean have standing only to raise the same claims as their husbands, and do not have standing to raise any separate claims of their own.")).

Judge Mix correctly observed that a plaintiff's failure to respond to a standing challenge generally warrants dismissal of the claims at issue. *See* [Doc. 128 at 25–27]; *see also Tyler v. U.S. Dep't of Educ. Rehab. Servs. Admin.*, 904 F.3d 1167, 1175 n.4 (10th Cir. 2018) (finding the plaintiff waived any argument that it had standing to pursue a claim on behalf of another person where the plaintiff failed to address the issue in any of its briefing, even after an intervening party argued lack of standing in his response brief); *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 552 (10th Cir. 2016) ("[T]he plaintiffs don't argue on appeal that [one of the plaintiffs] had standing . . . . Thus, the plaintiffs have waived that argument."); *Energy and Env't Legal Inst. v. Epel*, No. 11-cv-00859-WJM-BNB, 2014 WL 1715209, at *6 (D. Colo. May 1, 2014) ("Because Plaintiffs bear the burden of showing standing, their failure to separately address their standing as to each claim is alone reason to dismiss the claims."). Thus, this Court respectfully **ADOPTS** Judge Mix's Recommendation that Plaintiffs lack standing to assert Counts V and VI against Defendant Hilt and **DISMISSES without prejudice** Counts V and VI against Defendant Hilt.

***Count IX.***[7]   In their Partial Objection, Plaintiffs contend for the purposes of Count IX that the First Amended Complaint sufficiently alleges Defendant Hilt's "participation and involvement in the conspiracy." [Doc. 131 at 8–9]. Defendant Hilt responds that "[t]he Court need not entertain RMCO's objection on this issue" given its failure to respond to the standing argument in its response to Defendant Hilt's Motion to Dismiss. [Doc. 134 at 3]. This Court respectfully disagrees. A district judge must "determine de novo any part of the magistrate judge's

---

[7] As previously noted, Plaintiffs expressly do not challenge lack of standing with respect to Defendant Hilt on Count VIII. *See* [Doc. 131 at 2 n.1].

[recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Here, while the Partial Objection does not expressly address waiver, it does specifically challenge Judge Mix's conclusion that RMCO lacks standing to bring the COCCA conspiracy claim under Count IX against Defendant Hilt. [Doc. 131 at 8–9].

This Court concurs that Plaintiffs' Response in Opposition to Defendant Hilt's Motion to Dismiss ("Plaintiffs' Response") [Doc. 69] did not have a separate section addressing Defendant Hilt's argument that RMCO alleged no injuries traceable to Defendant Hilt. *Compare* [Doc. 63 at 9–10] *with* [Doc. 69]. Nevertheless, the Court finds that a fair reading of Plaintiffs' Response reflects that some of Plaintiffs' arguments related to Defendant Hilt's challenges to the traceability element of standing, such that the application of waiver to Count IX is not appropriate.

Specifically, in Defendant Hilt's Motion, he argued, *inter alia*, that Plaintiffs could not establish traceability because the First Amended Complaint "fail[ed] to factually allege Hilt took action in an individual capacity." [Doc. 63 at 9]. Defendant Hilt reasoned that because he was "Mercuria's (a member of RMCO-H) appointee to the Board of Managers" and was "listed in the RMCO-H Agreement as the 'Initial Series B Designee[,]" it follows that any actions he took were in his official capacity as authorized by Mercuria. [*Id.*]. Notably, Defendant Hilt *also* moved for dismissal of Plaintiff RMCO's COCCA claims for failure to state a claim, arguing, *inter alia*, that the First Amended Complaint failed to plead those claims with "particularity" with respect to Defendant Hilt, pursuant to the heightened pleading standards under Federal Rule of Civil Procedure 9(b). *See* [*id.* at 11–17]. For support, he claimed that Plaintiffs failed to sufficiently "allege with particularity Hilt's participation in a purported scheme to defraud, and any conduct by him that gives rise to such claims." [*Id.* at 12].

Based on the above-referenced briefing, the Court finds that overlap exists between the issues of whether Plaintiffs sufficiently alleged (1) particular misconduct by Defendant Hilt with respect to both the traceability element of standing for COCCA conspiracy *and* (2) Defendant Hilt's *personal involvement* in causing Plaintiffs' alleged harms to meet the particularized pleading requirement under Federal Rule of Civil Procedure 9(b). *See, e.g.*, [Doc. 63 at 9, 12]. Given the overlap of these issues, the Court finds that Plaintiff RMCO has adequately pled traceability to establishing standing for Count IX, its COCCA conspiracy claim, against Defendant Hilt. For instance, Plaintiffs[8] direct the Court to paragraph 39 of the First Amended Complaint, which states:

> The motive behind Defendants' illicit scheme is captured in, among other things, a text message sent by Hilt to Dickey on May 2, 2019, which stated:
>
>> The RMCO first purchase contract with Meti, that is cancellable by either party with 30 days notice, right? So, Meti could provide notice anytime as long as I [Hilt] make them comfortable that I have a solution outside of RMCO. We can start this game with Chris [Helms] real fast. He will get nothing for that business! The suspense can stay behind or actually I can make him come up with the cash for the liability taken, if we take the suspense.

[Doc. 47 at ¶ 39]. At a minimum, this paragraph supports traceability between RMCO's injuries[9] and Defendant Hilt's conduct—i.e., that Defendant Hilt was a "but for" cause in RMCO's injury by allegedly conspiring with Defendant Dickey to use GT&T

> to misappropriate Plaintiffs' business opportunities, use money of Plaintiffs for the benefit of Defendants, deprive Plaintiffs of the honest and faithful services of RMCO employees, and take confidential and proprietary property, information and material while employed by Plaintiffs (in the case of Dickey and Himes) and while serving as a Manager of RMCO-H (in the case of Dickey and Hilt).

[*Id.* at ¶ 34].

---

[8] Although the Court has adopted the portion of the Recommendation related to RMCO-H's lack of standing, the Court may continue to refer to Plaintiffs collectively throughout this Order.

[9] The Court references RMCO here given its adoption of the portion of the Recommendation that RMCO-H's claims be dismissed for lack of standing.

Thus, drawing all inferences in favor of Plaintiffs as it must at this stage, this Court respectfully declines to adopt the portion of the Recommendation finding that RMCO lacks standing to assert claims against Defendant Hilt, **OVERRULES IN PART** and **SUSTAINS IN PART** Plaintiffs' Partial Objection on this issue, and declines to dismiss Count IX against Defendant Hilt on standing grounds. However, as discussed in detail below, RMCO's claims under COCCA, including Count IX, are nevertheless time-barred.

## II.    Challenges Pursuant to Rule 12(b)(6): Counts VIII and IX—COCCA's Statute of Limitations

As mentioned above, Judge Mix recommended dismissal *with prejudice* of Plaintiffs' COCCA claims under Counts VIII and IX on grounds that those claims are time-barred by a two-year statute of limitations, and Plaintiffs object to those dismissals.

In their respective Motions to Dismiss, Defendants argued that Plaintiffs' two COCCA claims under Counts VIII and IX are barred by a two-year statute of limitations. *See* [Doc. 65 at 12–14; Doc. 63 at 17–18]. In response, Plaintiffs acknowledged the legal authority Defendants cited, but pointed to a statute and cases holding that COCCA claims are subject to a five-year limitations period instead. *See* [Doc. 71 at 14–16]. Judge Mix reviewed the cases cited by the Parties and ultimately agreed with Defendants that the two-year limitations period applied, and recommended dismissal with prejudice of the COCCA claims on that basis. *See* [Doc. 128 at 31–32]. Plaintiffs object to this portion of the Recommendation. *See* [Doc. 131 at 3–6]. As discussed further below, this Court finds that a two-year limitations period applies to the COCCA claims in this case.

### A.    Principles Governing the Court's Interpretation of Colorado Statutes

When analyzing claims arising under Colorado law, this Court "must follow the most recent decisions of the [relevant] state's highest court," and if no such decision exists, the Court

18

must attempt to predict what the state's highest court would do.  In doing so, it may seek guidance from decisions rendered by lower courts in the relevant state, appellate decisions in other states with similar legal principles, district court decisions interpreting the law of the state in question, and the general weight and trend of authority in the relevant area of law.

*Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665–66 (10th Cir. 2007) (internal quotation marks and citations omitted); *accord Pollard v. ETS PC, Inc.*, 186 F. Supp. 3d 1166, 1173 (D. Colo. 2016).

"When interpreting the meaning of a statute, [the Court's] goal is to effectuate the intent of the General Assembly."  *Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252, 255 (Colo. 2006).  To do so, the Court "must consider the statutory scheme as a whole to give a consistent, harmonious, and sensible effect to each individual section."  *Id.*  Indeed, although the Court "must give effect to the statute's plain and ordinary meaning, the intention of the legislature prevails over a literal interpretation of the statute that would lead to an absurd result, or that would conflict with the Colorado or United States Constitutions."  *Hall v. Walter*, 969 P.2d 224, 229 (Colo. 1998) (citation omitted).

If, after review of the statutory language, the Court concludes "that the statute is unambiguous and the intent appears with reasonable certainty, [the] analysis is complete." *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010).  Where a court determines the statute is ambiguous, however, the court must "employ additional interpretational aids to assist with 'selecting among reasonable interpretations of the particular language chosen by the legislature.'"  *Id.* (quoting *Union Pac. R.R. Co. v. Martin*, 209 P.3d 185, 188 (Colo. 2009)). "A statute is ambiguous when it 'is capable of being understood by reasonably well-informed persons in two or more different senses.'"  *Id.* (citation and quotation marks omitted).  Such interpretational aids include "guidance to statutory history, expressions of purpose in the constitution and in legislative declarations, and the consequences of a particular construction[,]" as well as "the heading of a statute," among others.  *Id.* at 935–36; *see also* Colo. Rev. Stat. § 2-4-

203 ("[T]he court, in determining the intention of the general assembly, may consider among other matters: (a) [t]he object sought to be attained; . . . (c) [t]he legislative history, if any; (d) [t]he common law or former statutory provisions, including laws upon the same or similar subjects; (e) [t]he consequences of a particular construction; (f) [t]he administrative construction of the statute; [and] (g) [t]he legislative declaration or purpose.").

### B.      Survey of Relevant Authority

The COCCA does not provide a statute of limitations.  *See* Colo. Rev. Stat. § 18-17-101 *et seq.*  The Parties thus rely upon other Colorado statutes and cases to support their positions.

***Five-Year Statute of Limitations.***  In support of a five-year limitations period, Plaintiffs cite Colo. Rev. Stat. § 13-80-103.8, which is titled "Limitation of civil forfeiture actions related to criminal acts," and they point specifically to the following language:

> The following actions shall be commenced within five years after the cause of action accrues, and not thereafter: . . .

> (d) All civil actions brought pursuant to article 17 of title 18, C.R.S.

Colo. Rev. Stat. § 13-80-103.8(1)(d).  In *Goodwin v. Bruggeman-Hatch*, No. 13-cv-02973-REB-MEH, 2014 WL 4723882 (D. Colo. July 24, 2014), another court in this District stated, without any explanation, that the plaintiff's COCCAs claim were "governed by a five-year statute of limitations," citing to Colo. Rev. Stat. § 13-80-103.8(1)(d).  2014 WL 4723882, at *5.  The court then recommended dismissing the COCCA claims as time-barred under that limitations period. *Id.*  The District Court subsequently adopted in part and rejected in part the recommendation without substantively discussing the statute of limitations.  *See* 2014 WL 4723916, at *1 (D. Colo. Sept. 22, 2014) ("It is clear that the majority of [the] plaintiff's claims against the majority of the movants are barred by the variously applicable statutes of limitations.").

In addition, Plaintiffs cite *Clementson v. Countrywide Financial Corp.*, No. 10-cv-01956-WYD-KMT, 2011 WL 1884715 (D. Colo. Jan. 27, 2011) ("*Clementson I*"), where another court in this District stated, again without analysis, that the plaintiff's COCCA claim was "subject to a five-year limitations period, and accrues 'at such time as the alleged offense or conduct giving rise to the claim was discovered.'"   2011 WL 1884715, at *8 (citing Colo. Rev. Stat. § 13-80-103.8(1)(d), (2)).   The Tenth Circuit later affirmed *Clementson I*.   *See Clementson v. Countrywide Fin. Corp.*, 464 F. App'x 706 (10th Cir. 2012) ("*Clementson II*").   In the affirming decision, the Tenth Circuit stated in a footnote, without any analysis, that, "[e]xcept for his COCCA claim for which a five-year statute of limitations applied," the plaintiff's "claims were subject to two- or three-year statutes of limitation."   *Id.* at 712 n.2 (citing Colo. Rev. Stat. § 13-80-103.8(1)(d), (2)).   Notably, the plaintiff in *Clementson II* did not challenge the *Clementson I* court's assertion that his COCCA claim was subject to a five-year limitations period, *see id.* at 712, and the Tenth Circuit ultimately affirmed the dismissal of the COCCA claim because the plaintiff failed to allege the "two acts of racketeering" that were necessary to state a plausible claim.   *Id.* at 713–14.

***Two-Year Statute of Limitations.***   Defendants, in arguing for a two-year limitations period, cite Colorado's catchall limitations statute, Colo. Rev. Stat. § 13-80-102, which is titled "General limitation of actions--two years," and provides in relevant part as follows:

> The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, must be commenced within two years after the cause of action accrues, and not thereafter: . . .
>
> (i) All other actions of every kind for which no other period of limitation is provided[.]

Colo. Rev. Stat. § 13-80-102(1)(i).

Judge Mix surveyed the relevant case law with respect to the two-year limitations period.   *See* [Doc. 128 at 29–31].   In *Todd Holding Co., Inc. v. Super Valu Stores, Inc.*, 874 P.2d 402 (Colo.

App. 1993), the Colorado Court of Appeals noted that, while there is "a specific statute of limitations for forfeiture actions" under COCCA, otherwise "no specific statute of limitations is applicable." 874 P.2d at 405. The court also noted that "the COCCA statute evinces a legislative intent that it be considered remedial and not penal in nature" and determined that "COCCA, used in the civil context . . . is remedial in nature[.]" *Id.* In *F.D.I.C. v. Refco Group, Ltd.*, 989 F. Supp. 1052, 1078 (D. Colo. 1997), a judge in this District stated that "[b]ecause there is no express statute of limitations within COCCA, the two[-]year general limitation of actions period established by Colorado Revised Statutes § 13-80-102(1)(i) (1997) applies." In *Grubka v. WebAccess International, Inc.*, 445 F. Supp. 2d 1259, 1270 (D. Colo. 2006), *amended* No. 05-cv-02483-LTB-OES, 2006 WL 2527815 (D. Colo. Aug. 31, 2006), a court in this District cited *Refco*, in stating: "The two-year statute of limitations for a COCCA claim arising out of the Series A offering expired on December 1, 2002." And in *Rupnow v. Panio*, No. 16-cv-00813-WJM-MEH, 2017 WL 818664, at *3 (D. Colo. Mar. 2, 2017), the parties did not contest that the applicable statute of limitations for COCCA violations was two years, pursuant to Colo. Rev. Stat. § 13-80-102(1)(i).

Finally, in *Scolari v. Compass Health Systems*, No. 2019CV31128, 2021 WL 6752910, at *5 (Colo. Dist. Ct. Larimer Cnty. Dec. 16, 2021), a Colorado trial court applied a two-year statute of limitations to the plaintiff's COCCA claim. The *Scolari* court proffered three reasons why a two-year statute of limitations should apply: (1) the title of Colo. Rev. Stat. § 13-80-103.8 ("Limitation of civil forfeiture actions related to criminal acts"); (2) a comparison of Colo. Rev. Stat. § 13-80-103.8(1)(d) to other states' COCCA-adjacent laws; and (3) the Colorado Court of Appeals' opinion in *Todd Holding*. *Scolari*, 2021 WL 6752910, at *5. In the Recommendation, Judge Mix relied heavily on the *Scolari* court's rationale in applying a two-year statute of limitations to Plaintiffs' COCCA claims. *See* [Doc. 128 at 30–32 ("For the reasons enunciated by

the *Scolari* court, this Court agrees that the two-year statute of limitations is applicable to Plaintiff's claims asserted under COCCA, neither of which has any relationship to civil forfeiture, as would be necessary for the five-year statute of limitations to apply.")].

### C.    Application

This Court respectfully agrees with the Recommendation's application of a two-year statute of limitations to Plaintiffs' COCCA claims, as well as its reliance on the trial court's opinion in *Scolari*.  As mentioned above, this Court must attempt to predict how the Colorado Supreme Court would decide the issue of COCCA's statute of limitations.  *See Wade*, 483 F.3d at 666. Where, as here, the Colorado Supreme Court has not addressed an issue, the Court may look to decisions rendered by Colorado's lower courts, among other sources, to make this prediction.  *See id.*; *Adams-Arapahoe Jt. Sch. Dist. No. 28-J v. Cont'l Ins. Co.*, 891 F.2d 772, 774 (10th Cir. 1989) ("With respect to issues which the Colorado Supreme Court has not addressed, we may consider all available resources, including Colorado appellate court decisions, other state and federal decisions, and the general trend of authority, to determine how the Colorado Supreme Court would construe the law in this case.").

Based on these principles, while the *Scolari* opinion is not binding on this Court's effort to predict how the Colorado Supreme Court would rule on the question of the applicable statute of limitations, "it does provide some guidance in making [the] decision."  *United States v. Durango & Silverton Narrow Gauge R.R. Co.*, No. 19-cv-01913-REB-NRN, 2019 WL 9598175, at *3 (D. Colo. Dec. 27, 2019), *report and recommendation adopted*, 2020 WL 2832381 (D. Colo. June 1, 2020).[10]

---

[10]  The Court does, however, bear in mind the Tenth Circuit's caution that an "unreported, unpublished decision from one of the many Colorado district courts is of little value in considering what course the Supreme Court of that state would take." *State Farm Mut. Auto. Ins. Co. v. Travelers Indem. Co.*, 433 F.2d 311, 312 (10th Cir. 1970); *see also King v. Order of United Com.*

As noted above, the *Scolari* court proffered three reasons why a two-year statute of limitations should apply: (1) the title of Colo. Rev. Stat. § 13-80-103.8 ("Limitation of civil forfeiture actions related to criminal acts"); (2) a comparison of Colo. Rev. Stat. § 13-80-103.8(1)(d) to other states' COCCA-adjacent laws; and (3) the Colorado Court of Appeals' opinion in *Todd Holding*. *Scolari*, 2021 WL 6752910, at *5. First, the court found that Colo. Rev. Stat. § 13-80-103.8(1)(d) is "narrow in scope" because the statute is titled "Limitation of *civil forfeiture actions* related to criminal acts." *Id.* (emphasis added). The court explained that

> [t]he statute does mandate that "[a]ll civil actions brought pursuant to article 17 of title 18" have a five-year statute of limitations. However, the text of the body must be read in the context of the statutory title. C.R.S. § 18-17-106(2), the civil remedies provision of COCCA, allows for the state to conduct civil forfeiture proceedings for COCCA violations. Here, Plaintiff has not argued, and could not argue, that they are entitled to this remedy under COCCA. Accordingly, because § 13-80-103.8(1)(d) applies only to actions in civil forfeiture, the two-year catch-all applies under these facts. Reading otherwise would render the legislative title meaningless.

*Id.* In reaching this conclusion, the *Scolari* court relied on the Colorado Supreme Court's instruction that courts must "consider the statutory scheme as a whole to give a consistent, harmonious, and sensible effect" to all parts of the statute. *Zab Inc.*, 136 P.3d at 255; *see Scolari*, 2021 WL 6752910, at *5.

Second, the *Scolari* court stated that its application of a two-year limitations period was "informed by the comparative uniqueness of [Colo. Rev. Stat.] § 13-80-103.8(1)(d)," and observed that "COCCA is substantially similar to" 18 U.S.C. § 1962 *et seq.* (the federal Racketeer Influenced and Corrupt Organizations (RICO) Act), as well as "many state RICO-adjacent laws."

---

*Travelers of Am.*, 333 U.S. 153, 160–61 (1948) (holding that in applying South Carolina state law, the United States Circuit Court of Appeals was justified in holding that the unreported decision of a South Carolina trial court was not controlling and in making its own determination of how the Supreme Court of South Carolina would probably rule in a similar case).

*Id.*  The court explained that although "[m]any states impose a five-year statute of limitations under their statutes[,] . . . [t]hose that do not have a five-year statute of limitations generally default to the state catch-all."  *Id.* (citing G. Robert Blakely, *Time-Bars: RICO-Criminal and Civil-Federal and State*, 88 Notre Dame L. Rev. 1581, 1685–87 (2013)).  The court emphasized that the Colorado General Assembly's "decision to place the five-year statute of limitations under the title related only to civil forfeiture, instead of following the paths taken by other, substantially similar statutes, is evidence that the Colorado provision is intended to be distinct and narrow."  *Id.*  Third, the *Scolari* court found persuasive the Colorado Court of Appeals' opinion in *Todd Holding* (discussed above), explaining that the *Todd Holding* court *implicitly* recognized that Colo. Rev. Stat. § 13-80-103.8(1)(d), "which was effective at that time, did not apply to those COCCA claims."  *Id.*

This Court finds the *Scolari* court's rationale persuasive, including the ambiguity of the five-year limitations period under Colo. Rev. Stat. § 13-80-103.8 in light of the title of that statute: "Limitation of civil forfeiture actions related to criminal acts."  And, similar to the plaintiff in *Scolari*, Plaintiffs here have not argued, nor could they argue, that their COCCA claims relate to a civil forfeiture action.

In their Partial Objection, Plaintiffs argue that the rationale of the *Scolari* court "is fundamentally flawed" on the grounds that (1) it is "improper" to rely on the title of Colo. Rev. Stat. § 13-80-103.8 "because the language of the statute is clear and unambiguous"; (2) it is unnecessary to consider other states' COCCA-adjacent laws because, again, the statute is "clear and unambiguous"; and (3) the *Todd Holding* court "did not address or consider Colo. Rev. Stat. § 13-80-103.8[,]" but "the Tenth Circuit and Magistrate Judges Hegarty and Tafoya" did when they stated that a five-year statute of limitations applies to COCCA claims.  [Doc. 131 at 6–8.]

Respectfully, the Court disagrees that the statutory language here is "clear and unambiguous," as Plaintiffs claim. The Court acknowledges that Plaintiffs' COCCA claims under Counts VIII and IX are brought pursuant to Colo. Rev. Stat. § 18-17-104, [Doc. 47 at ¶¶ 314–26], and the specific statutory language Plaintiffs rely upon states that "*[a]ll civil actions brought pursuant to article 17 of title 18, C.R.S.*" are subject to a five-year statute of limitations. Colo. Rev. Stat. 13-80-103.8(1)(d) (emphasis added). However, the Court cannot simply ignore the title of the statute under which the Colorado General Assembly placed these words: "Limitation of *civil forfeiture actions* related to criminal acts." *Id.* (emphasis added). And yet, Plaintiffs' position presupposes that the statutory language referencing "[a]ll civil actions brought pursuant to article 17 of title 18, C.R.S." is unambiguous per se such that it can be read independently from the title of the statute: "Limitation of civil forfeiture actions related to criminal acts." But "[t]he language at issue must be read in the context of the statute as a whole and the context of the entire statutory scheme." *Gerganoff*, 241 P.3d at 935. And the Court "must avoid constructions that would render any words or phrases superfluous or lead to illogical or absurd results." *Doubleday v. People*, 364 P.3d 193, 196 (Colo. 2016). In light of these principles, the Court finds that Plaintiffs' interpretation of Colo. Rev. Stat. § 13-80-103.8(d)(1) would render the title of the statute meaningless.

Further, because the Court finds the statutory language here is ambiguous, the Court also disagrees with Plaintiffs' argument that the *Scolari* court—in seeking to ascertain legislative intent—"violated fundamental principles of statutory construction and ignored directives from the Colorado Supreme Court" by considering the title of Colo. Rev. Stat. § 13-80-103.8 and other states' COCCA-adjacent laws. [Doc. 131 at 7–8].[11] Indeed, the Colorado Supreme Court has held

---

[11] Plaintiffs quote from *Town of Sugar City v. Board of Commissioners of Crowley County*, 140 P. 809, 814–15 (Colo. 1914), for the proposition that "[w]hen the language of the statute is

that courts may look to the title of the statute and similar laws in other states when interpreting ambiguous statutes. *See, e.g.*, *Gerganoff*, 241 P.3d at 935–36 ("[T]he heading of a statute, although not dispositive of legislative intent, can aid in determining legislative intent."); *see also* Colo. Rev. Stat. § 2-4-203 (stating that a court may look to "[t]he common law or former statutory provisions, including laws upon the same or similar subjects" in determining legislative intent).

Moreover, the "Civil remedies" section of COCCA, Colo. Rev. Stat. § 18-17-106, further suggests that Plaintiffs' COCCA claims are not subject to the five-year limitations period under Colo. Rev. Stat. § 13-80-103.8, in light of the given title of that section (i.e., "Limitation of civil forfeiture actions related to criminal acts"). For instance, COCCA's "Civil remedies" provision provides in relevant part that:

> All property, real or personal, including money, used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of the provisions of section 18-17-104 *is subject to civil forfeiture to the state*. The state shall dispose of all forfeited property as soon as commercially feasible.

Colo. Rev. Stat. § 18-17-106(2) (emphasis added). This state-imposed civil forfeiture is consistent with the Colorado Supreme Court's definition of a "civil forfeiture action":

> A civil forfeiture action is an action *in rem* viewed as an action against property rather than a person, with the "offending inanimate objects" characterized as the defendants. This *in rem* convention of naming the property as defendant "is a way for the [g]overnment to identify the thing that is subject to forfeiture . . . and to give anyone and everyone with an interest in that property the opportunity to come into

---

ambiguous, the courts can resort to the title as aid in giving such act its true meaning, but that this cannot be done when the language used is clear and unambiguous." [Doc. 131 at 5]. But Plaintiffs read *Town of Sugar* too narrowly. Indeed, in the paragraph immediately preceding the one Plaintiffs quote, the Colorado Supreme Court observed that the goal of statutory interpretation is "to ascertain the intention of the legislature in framing it." *Town of Sugar City*, 140 P. at 814. Although the title of an act "is not conclusive upon the subject of such intention," the court continued, the title will nevertheless "have its due share of consideration in the effort to determine the legislative intent," which "may be ascertained by considering the whole act, and construing one part by another, and one clause with reference to its connection with other clauses." *Id.*

court at one time and contest the forfeiture action."  Such actions are civil in nature and the rules of civil procedure apply.

*People v. $11,200.00 U.S. Currency*, 313 P.3d 554, 558 n.4 (Colo. 2013) (citations omitted); *see also People v. Lot 23*, 735 P.2d 184, 189 n.2 (Colo. 1987) ("[M]odern forfeiture statutes, both federal and state, reach virtually any type of property that might be used in the conduct of a criminal enterprise."); *cf. People v. Four Thousand Three Hundred Thirty-Eight Dollars ($4338.00) in U.S. Currency*, 819 P.2d 1105, 1106 (Colo. App. 1991) (describing Colo. Rev. Stat. § 13-80-103.8(1)(b)–(c) as "providing for a uniform five-year limitation period for the commencement of *forfeiture actions* brought pursuant to either the Public Nuisance Act or the Contraband Forfeiture Act as to offenses committed on or after April 24, 1990" (emphasis added)).  As mentioned above, Plaintiffs do not claim that their COCCA claims relate to a civil forfeiture action.

In addition, like the *Scolari* court, this Court finds the Colorado Court of Appeals' opinion in *Todd Holding* instructive here.  This Court acknowledges that the *Todd Holding* court did not expressly reference Colo. Rev. Stat. § 13-80-103.8, nor did it hold that a two-year statute of limitations applies to COCCA claims.  Nevertheless, there is no dispute that Colo. Rev. Stat. § 13-80-103.8 was already in effect when the Colorado Court of Appeals decided *Todd Holding*, and yet that court still found that "no specific statute of limitations is applicable" under COCCA.  *Todd Holding*, 874 P.2d at 405.  Significantly, in making this finding, the *Todd Holding* court distinguished the facts of that case from another case that "applied a specific statute of limitations for forfeiture actions."  *Id.* (citing *People v. Cerrone*, 780 P.2d 562 (Colo. App. 1989)).

In sum, because this Court has determined that Colorado's two-year catchall statute of limitations under Colo. Rev. Stat. § 13-80-102(1)(i) applies to Plaintiffs' COCCA claims, and because Plaintiffs do not dispute that their COCCA claims would be time-barred under a two-year limitations period, *see* [Doc. 128 at 31–32], the Court **ADOPTS** the portion of the

Recommendation finding that Plaintiffs' COCCA claims are time-barred.  The COCCA claims under Counts VIII and IX are therefore **DISMISSED with prejudice**.[12]

### III.  Defendant Hilt's Remaining Objections

Defendant Hilt also lodges various other objections to the Recommendation.  *See* [Doc. 132 at 3–6].  The Court will address the pertinent ones below.  First, Defendant Hilt argues that any claims against him that are dismissed for lack of standing should be dismissed *with* prejudice. [*Id.* at 4–6].  However, as Defendant Hilt also acknowledges, the Tenth Circuit has held that dismissals for lack of standing should be without prejudice.  [*Id.* at 5]; *see Brereton*, 434 F.3d at 1216 ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice. . . .  Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice." (collecting cases)). Defendant Hilt nevertheless argues that the claims against him warrant dismissal with prejudice because Plaintiffs cannot cure their pleading deficiencies by amendment.  [Doc. 132 at 5].  He does not, however, explain how those pleading deficiencies are incurable, other than his assertion that "Plaintiffs have now had two bites at the apple to assert claims in federal court justiciable against Hilt and have failed."  [*Id.* at 6 (emphasis omitted)].  To the extent this Court has found dismissal for lack of standing appropriate with respect to any of the claims against Defendant Hilt, the Court does not find dismissal with prejudice is warranted at this time.

Second, Defendant Hilt objects to the fact that the Recommendation analyzed whether the COCCA claims were time-barred only as to Defendants GT&T, Dickey, and Himes, despite the

---

[12] Having now found that dismissal of all claims against Defendant Hilt are appropriate for various reasons, this Court need not address whether RMCO has adequately pleaded any causes of action against Defendant Hilt, including but not limited to Count IX.

fact that Defendant Hilt also argued that those claims are time-barred.  [Doc. 132 at 6–7].  In the Recommendation, Judge Mix stated that:

> Defendant Hilt also asserts this argument, but the Court has already recommended dismissal of all claims against him based on standing.  *See Motion [#63]* at 17-18.  To the extent such recommendation is not adopted in full by the District Judge, the following analysis applies to Claims VIII and IX against Defendant Hilt as well.

[Doc. 128 at 27–28 n.7].  Defendant Hilt claims this statement "is incorrect" and that it is "prejudicial" for the Court "to only grant his Motion to Dismiss on this basis <u>in the alternative</u> to standing" given that he also argued that the COCCA claims are time-barred.  [Doc. 132 at 6 (emphasis in original)].

Notwithstanding any of the findings in this Order, this Court sees no error here.  Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth*, 422 U.S. at 498.  In other words, this Court cannot address the merits of RMCO's claims against Defendant Hilt without having jurisdiction over those claims in the first place.  Thus, Defendant Hilt's request that this Court simultaneously adopt the portion of the Recommendation finding that RMCO lacks standing to assert *any* of its claims against Defendant Hilt *and* the portion of the Recommendation finding that the COCCA claims against Defendant Hilt are time-barred is inconsistent with well-established principles regarding the order in which the Court must rule upon these issues.  *See Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082, 1088 (10th Cir. 2006) ("For purposes of the standing inquiry, the question is not whether the alleged injury rises to the level of a constitutional violation.  That is the issue on the merits.  For standing purposes, we ask only if there was an injury in fact, caused by the challenged action and redressable in court.").[13]  In any event, although the Court found that RMCO adequately

---

[13] Defendant Hilt also "objects to inconsistencies between the footnotes 4 and 5 and the substantive recommendations in the [Magistrate Judge's] Recommendation section III.B.2a. and requests the Court modify the adoption of the Recommendation to make them consistent."  [Doc. 132 at 3].

alleged facts to support standing for Count IX, *see supra* Section I.B., this Court nevertheless dismissed Counts VIII and IX against all Defendants in their entirety based on the two-year statute of limitations, *see supra* Section II.C.   Thus, Defendant Hilt's Limited Objection is **OVERRULED**.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1)     The Recommendation [Doc. 128] is **ADOPTED IN PART**, as explained herein;

(2)     Plaintiffs' Partial Objection to Recommendation of United States Magistrate Judge [Doc. 131] is **SUSTAINED IN PART** and **OVERRULED IN PART**;

(3)     Defendant Rodney Hilt's Limited Objection to Magistrate Judge Mix's Recommendation to Dismiss Claims Against Hilt [Doc. 132] is **OVERRULED**;

(4)     Plaintiffs' Opposed Motion to Supplement Plaintiffs' Partial Objection to Recommendation of United States Magistrate Judge [Doc. 161] is **DENIED**;

(5)     Defendant Rodney Hilt's Motion to Dismiss Amended Complaint Pursuant to F.R.C.P. 12(b)(1) and (6) [Doc. 63] is **GRANTED**;

(6)     Defendants Golden Trading & Transport, LLC's and William S. Dickey's Partial Motion to Dismiss First Amended Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) [Doc. 65] is **GRANTED IN PART** and **DENIED IN PART**;

(7)     Plaintiff RMCO-H's claims against Defendants—Count I, Count III, and its respective portions of Count V and Count VI—are **DISMISSED without prejudice** for lack of standing;

---

However, the Court finds no inconsistencies between the footnotes and the substantive Recommendation.  In any event, those footnotes make no difference to the findings in this Order or the relief Defendant Hilt seeks in his Motion to Dismiss.

(8)     Plaintiff RMCO's claims against Defendant Hilt—Count V and VI—are **DISMISSED without prejudice** for lack of standing;

(9)     The COCCA claims under Counts VIII and IX are **DISMISSED** with prejudice; and

(10)    Plaintiff RMCO's remaining claims are as follows:

    (a)     Count II: fraudulent concealment, against Defendants Dickey and Himes;

    (b)     Count IV: constructive fraud, against Defendants Dickey and Himes;

    (c)     Count V: civil conspiracy, against Defendants GT&T, Dickey, and Himes;

    (d)     Count VI: unjust enrichment, against Defendants GT&T, Dickey, and Himes;

    (e)     Count VII: civil theft regarding Fort Laramie Crude Oil, against Defendants GT&T and Dickey; and

    (f)     Count X: violation of the DTSA, against Defendants GT&T, Dickey, and Himes.

DATED:  June 5, 2023

                                            BY THE COURT:

                                            Nina Y. Wang

                                            United States District Judge